UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES MOSLEY                                                                    PLAINTIFF

v.                                                  CIVIL ACTION NO. 3:09CV-P91-H

WARREN McCLEMORE et al.                                        DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, James Mosley, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

**I. SUMMARY OF CLAIMS**

At the time pertinent to his complaint, Plaintiff was incarcerated at the Kentucky State Reformatory (KSR). He sues in their individual and official capacities KSR Social Services Clinician Warren McClemore; KSR psychologists Kathleen Colebank and James Van Nort; Captain James Moore; Lieutenant Christopher Kampschaefer; Sergeant Drake Hawkins; Paige McGuire, KSR Deputy Warden; LaDonna Thompson, Commissioner of the Kentucky Department of Corrections (KDOC); Larry Chandler, KSR Warden; and Kevin Pangburn, KDOC Director of the Division of Mental Health.

According to Plaintiff's complaint, Plaintiff was a participant in the Sex Offender Treatment Program (SOTP). Plaintiff attempted to help a fellow inmate, Matthew Polley, who Plaintiff believed should be exempted from the SOTP because of his mental disability.[1] Plaintiff

---

[1] Among the attachments to the complaint are documents demonstrating that Polley did have a mental-retardation diagnosis.

alleges that, after he helped Polley file his complaints with the Kentucky State Board of Psychology and the Department of Justice, Defendant McClemore requested that Plaintiff meet with him to discuss a program task Plaintiff was to present to his treatment group and that during that meeting, Defendant McClemore grabbed Plaintiff's right hand and forced it onto Defendant McClemore's crotch area. He alleges that on February 7, 2008, he filed a complaint on his own behalf regarding McClemore's behavior with the Kentucky State Board of Psychology. Shortly thereafter, Plaintiff was abruptly terminated from the SOTP. Plaintiff alleges that on March 13, 2008, he filed a prison grievance alleging that he had been terminated from the SOTP without reason in retaliation for filing a complaint with the US. Department of Justice and the Kentucky State Board of Psychology, as well as for being a witness on Polley's complaints. Plaintiff further alleges that Defendant Moore had Plaintiff placed in segregation and issued a disciplinary report charging him with lying to an employee. Plaintiff alleges that he was convicted of the disciplinary report but that the conviction was later overturned and the charge against him was dismissed at a subsequent disciplinary hearing.

Plaintiff alleges that in investigating the disciplinary charge, Defendant Hawkins failed to collect documents as required by policy and, had he done so, he would have realized that the disciplinary charge was premature because Plaintiff's grievance had yet to be decided. Plaintiff alleges that Defendant Hawkins failed to collect the documents without any regard to Plaintiff's right to be free from retaliation.

Plaintiff alleges that Defendant Kampschaefer conducted Plaintiff's disciplinary report hearing, denying Plaintiff's request to have McClemore testify and convicting Plaintiff with punishment of 15 days in segregation. According to Plaintiff, Defendant Kampschaefer stated

that he did not "'like the whole deal'" but that if he did not convict Plaintiff, Defendant Moore would "'have [his] ass.'" On appeal to Defendant Chandler, Defendant Chandler vacated the conviction and ordered a retrial to give Plaintiff an opportunity to cross-examine.

Plaintiff alleges that Defendant McGuire denied Plaintiff's grievance, Defendant Chandler concurred on review of the grievance, and Defendant Thompson agreed with the prior levels of review of his grievance.

Plaintiff alleges that he was later not allowed to continue the SOTP when he was eligible to reapply. He argues that his termination from SOTP, his placement in segregation, the issuance of a disciplinary report against him, and his not being allowed to re-enroll in the SOTP at KSR violated his constitutional rights and was in retaliation for the exercise of his First Amendment right to petition for redress of grievance. He explains that, had he been allowed to finish the SOTP, he would have done so in July 2009, at which point all good-time would automatically be credited to Plaintiff's sentence and Plaintiff would have been released in August or September 2009. However, because of Defendant Van Nort's instruction for Plaintiff to restart SOTP after transfer to another facility, Plaintiff will be unable to complete SOTP prior to December 2010, at which point Plaintiff will have served his entire sentence anyway. As relief, Plaintiff wants a declaratory judgment in his favor, injunctive relief, and compensatory and punitive damages.

In his amended complaint (DN 5), Plaintiff alleges that under Kentucky law the SOTP is a qualifying program for a prisoner to receive the educational credit, which is awarded upon completion of the program. He alleges the following consequences occurred as a result of being terminated from the SOTP: he has been forced to forfeit all earned statutory good-time credit; he

will not be able to earn any additional statutory good time; and his minimum and maximum expiration dates for his sentence are the same. Plaintiff further alleges that other inmates who face the loss of good-time credits are afforded minimal due process, but he was not. Thus, he alleges that Defendants McClemore, Colebank, Van Nort, and Pangburn violated his due-process and equal-protection rights in terminating him from the SOTP. With regard to this claim, Plaintiff asks for declaratory, injunctive, and monetary relief.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Claims for injunctive relief*

Plaintiff has notified the Court that he is no longer incarcerated at KSR (DN 7). Plaintiff's requests for declaratory and injunctive relief in his complaint and amended complaint are moot because he is no longer incarcerated at KSR. *See Kensu v. Haigh*, 87 F.3d 172, 175

4

(6th Cir. 1996). Those claims will be dismissed by separate Order.

*Official-capacity claims*

Plaintiff sues each Defendant in his or her official capacity. Because he sues the employees in their official capacity, the claims brought against them are deemed claims against the Commonwealth of Kentucky itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* § 1983. States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from these state officers in their official capacities, he failed to allege cognizable claims under § 1983. Moreover, the defendants are immune from monetary damages under the Eleventh Amendment. *See id.* The Court will dismiss the official-capacity claims.

*Individual-capacity retaliation claims against Defendants McGuire, Chandler and Thompson*

Plaintiff's claims against these Defendants involve only their role in the denial of his prison grievance. There is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "The mere denial of a prisoner's grievance states no claim of

5

constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."). Thus, where the only allegation against a defendant relates to the denial of a grievance, a plaintiff fails to allege any personal involvement by the defendant in the alleged constitutional violation. *Id.* The claims against these Defendants will be dismissed.

***Individual-capacity retaliation claims against Defendants McClemore, Colebank, Van Nort, and Moore***

Plaintiff alleges that he was retaliated against for exercising his right to petition for redress by being terminated from the SOTP, being placed in segregation and being issued a disciplinary report against him. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.*

Plaintiff alleges that he was engaged in protected conduct – filing grievances and

6

complaints. *See Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000) (holding that prisoner has a First Amendment right to file a grievance against prison officials on his own behalf, and this right is protected if the grievance is not frivolous); *Woods v. Frederick*, No. 4-07-cv-68, 2007 WL 1198882, at *3 (N.D. Ohio Apr. 18, 2007) (noting that an inmate's legal assistance to another inmate, under some circumstances may be protected conduct for purposes of a retaliation claim).

Plaintiff further alleges adverse actions were taken against him that would deter a person of ordinary firmness from engaging in that conduct, *i.e.*, not being allowed to continue the SOTP, being placed in segregation, and having a disciplinary charge brought against him. *See Thomas v. Eby*, 481 F.3d 434, 441 (6th Cir. 2007) ("Because inmates convicted of major-misconduct charges lose their ability to accumulate disciplinary credits for that month, inmates of ordinary firmness would be more reluctant to engage in protected conduct that may lead to the retaliatory issuance of misconduct tickets"); *Herron*, 203 F.3d at 416 (stating that Sixth Circuit has held that placing an inmate in administrative segregation could deter a person of ordinary firmness from exercising his First Amendment rights); *cf. Foster v. McAninch*, No. 97-4294, 1999 WL 107980 (6th Cir. Feb. 09, 1999) (affirming finding that plaintiff had not stated retaliation claim where denial of SOTP participation occurred before his complaints).

Retaliation claims must include a "chronology of events from which retaliation may plausibly be inferred." *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988); *Brown v. MDOC*, No. 98-1587, 2000 WL 659031, at *2 (6th Cir. May 10, 2000). The timeline of the conduct alleged in Plaintiff's complaint supports an inference of retaliation. Plaintiff alleges that, shortly after he filed his complaint regarding Defendant McClemore, Defendants McClemore and

Colebank abruptly terminated him from the SOTP and Defendant Moore had him placed in segregation and issued a disciplinary report against Plaintiff. And, Plaintiff alleges that Defendant Van Nort refused to allow Plaintiff to continue the SOTP after Plaintiff filed his complaint.

On initial review, the Court will allow the individual-capacity claims for damages for retaliation to go forward against Defendants McClemore, Colebank, Van Nort, and Moore.

***Individual-capacity retaliation claims against Defendants Hawkins and Kampschaefer***

Plaintiff's allegations against these Defendants do not show that their actions or inactions were motivated by the protected conduct. Plaintiff's allegation against Defendant Hawkins, whose job it was to investigate the disciplinary charge against Plaintiff, was that Defendant Hawkins failed to collect documents. Plaintiff does not allege that Defendant Hawkins's failure to collect the documents in question was motivated by Plaintiff's protected conduct.

Plaintiff alleges that Defendant Kampschaefer, in conducting Plaintiff's disciplinary hearing, stated that he did not "'like the whole deal'" but that if he did not convict Plaintiff, Defendant Moore would "'have [his] ass.'" Thus, according to the complaint, Defendant Kampschaefer's conduct was not rooted in retaliation against Plaintiff because of Plaintiff's protected conduct but out of fear of Defendant Moore. These Defendants will be dismissed.

***Individual-capacity retaliation claim against Defendant Pangburn***

The only allegation in the complaint against Defendant Pangburn is that he failed to adequately supervise in his position as Director of the Division of Mental Health. Plaintiff cannot hold Defendant Pangburn liable based on his position as Director. The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to

8

impute liability onto supervisors. *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). "[L]iability of supervisory personnel must be based on more than merely the right to control employees." *Hays*, 668 F.2d at 872. "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d at 300 (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Here, Plaintiff fails to demonstrate any facts showing that Defendant Pangburn encouraged any specific incidents or implicitly authorized, approved, or knowingly acquiesced to any unconstitutional conduct. Accordingly, the individual-capacity claim against Defendant Pangburn must be dismissed.

*Fourteenth Amendment claim*

Plaintiff alleges that under Kentucky law the SOTP is a qualifying program for a prisoner to receive the educational credit, which is awarded upon completion of the program. He alleges

9

that sex offenders may earn sentence credits like other prisoners but that sex offenders are required to complete the SOTP before having the credits applied to their sentence and before being considered for parole. He alleges that as a result of being terminated from the SOTP, he has been forced to forfeit all earned statutory good-time credit, he will not be able to earn any additional statutory good time, and his minimum and maximum expiration dates for his sentence are the same. Plaintiff further alleges that other inmates who face the loss of good-time credits are afforded minimal due process, but he was not. Thus, he alleges that Defendants McClemore, Colebank, Van Nort, and Pangburn violated his due-process and equal-protection rights in terminating him from the SOTP.

"A Kentucky inmate 'possesses no inherent constitutional right . . . to accumulate good time credits.'" *Grinter v. Knight*, 532 F.3d at 575 (internal citation omitted). Therefore, Plaintiff's "substantive due process rights were not violated because of his inability to accumulate good-time credits." *Id.* Plaintiff has "neither a constitutional or inherent right to parole nor a protected liberty interest created by mandatory state parole laws[; therefore,] he cannot maintain a § 1983 claim based upon the alleged denial of placement in a sex offender treatment program for parole eligibility purposes." *Saunders v. Williams*, 89 F. App'x 923, 924 (6th Cir. 2003) (affirming dismissal for failure to state a claim of due process and equal protection claims stemming from denial of access to sex offender treatment program). At most, Plaintiff "suffered a delay in his accrual of educational good time credits, a consequence which does not implicate any liberty or property interest protected by the Due Process Clause." *Parks v. Williamson*, No. 08-403-GFVT, 2009 WL 302229, at *5 (E.D. Ky. Feb. 06, 2009); *see also Griffin v. Mahoney*, 243 F. App'x 221 (9th Cir. 2007) (inmate's delayed participation in sex

offender treatment program does not constitute atypical and significant hardship required to establish liberty interest under *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

Plaintiff's equal-protection claim also fails. He alleges that he was treated differently than other prisoners, presumably other, non-sex-offender prisoners, in that before he lost good-time credits he was not afforded minimal due process (advanced written notice of the charges, an opportunity to call witnesses and present documentary evidence, adjudication by an impartial decision maker and written findings of fact).

First, Plaintiff did not actually lose good-time credits, but rather his receipt of those credits are delayed until after completion of the SOTP.[2] Under Kentucky law,

> Until successful completion of the sex offender treatment program, an eligible sexual offender may earn good time. However, the good time shall not be credited to the eligible sexual offender's sentence. Upon the successful completion of the sex offender treatment program, as determined by the program director, the offender shall be eligible for all good time earned but not otherwise forfeited under administrative regulations promulgated by the Department of Corrections.

Ky. Rev. Stat. § 197.045(4).

"[T]he mere existence of a temporary burden on the ability to earn such credits cannot establish an Equal Protection claim." *Quintero v. Dewalt*, No. 5:07-CV-432-JBC, 2009 WL 803713, at *5 (E.D. Ky. Mar. 24, 2009); *Gwinn v. Awmiller*, 354 F.3d 1211, 1228 (10th Cir. 2004) (holding that conditioning inmate's ability to earn good-time credits upon his completion of sex-offender treatment program does not violate Equal Protection Clause).

---

[2] According to the complaint, as it happens, because of the length of his sentence, Defendant will not complete the SOTP in time for the award of credits to shorten his sentence. This is a different scenario than actually losing good-time credits.

Moreover, convicted sex offenders are not a protected class and treating them differently than other prisoners in requiring completion of the SOTP is rationally related to a legitimate state objective. *Cutshall v. Sundquist*, 193 F.3d 466, 482 (6th Cir. 1999) ("Convicted sex offenders are not a suspect class."); *Preston v. Bradley*, No. 96-6545, 1997 WL 594986, at *1 (6th Cir. Sept. 25, 1997) ("Tennessee's requirement that sex offenders participate in a treatment program before being eligible for parole passes constitutional muster under the Equal Protection Clause, because the policy and law are rationally related to the state's goal of promoting public safety."); *Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir. 1992) (holding that sex offenders are not members of a suspect classification and that the decision to deny them mandatory parole did not violate the Equal Protection Clause).

Thus, Plaintiff's claim that Defendants McClemore, Colebank, Van Nort, and Pangburn violated his due-process and equal-protection rights in terminating him from the SOTP fails to state a claim upon which relief may be granted. This claim will be dismissed by separate Order.

### III. CONCLUSION

The Court will enter an Order dismissing all of the declarative and injunctive claims as moot, dismissing all of the claims against Defendants in their official capacities, dismissing the individual-capacity retaliation claims against Defendants Kampschaefer, Hawkins, McGuire, Thompson, Chandler, and Pangburn, and dismissing the Fourteenth Amendment claims. The Court also will enter a separate scheduling order governing the remaining claims. In permitting

the remaining claims to go forward, the Court passes no judgment on the merits or ultimate outcome of this case.

Date:

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4412.009